UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIC WALINTUKAN,<br><br>Plaintiff,<br><br>v.<br><br>SBE ENTERTAINMENT GROUP, LLC, et al.,<br><br>Defendants. | Case No. 16-cv-01311-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: ECF No. 43 |

Before the Court is Plaintiff's Motion for Leave to file a First Amended Complaint (FAC) in this putative class action. ECF No. 44. Defendants SBE Entertainment Group, LLC (SBE), 6021 Hollywood Investors, LLC and 6021 Hollywood Operating Company, LLC (collectively, "Defendants") oppose the motion. ECF No. 47. The Court will grant the motion.

**I.     FACTUAL AND PROCEDRUAL BACKGROUND**

On February 16, 2016, Plaintiff filed this putative class action lawsuit against Defendants in state court, alleging a violation of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1, Ex. A. Specifically, Plaintiff alleged in his first Complaint that Defendants violated the TCPA by using an Automatic Telephone Dialing System (ATDS) to send Plaintiff text messages that he did not consent to receiving. Id. On March 16, 2016, Defendants removed the case from state court to the District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1 at 2.

In a "Further Joint Case Management Statement" filed October 17, 2016, Plaintiff informed Defendants of his intent to make a motion to amend the complaint after learning new facts from responses to interrogatories and document production requests. ECF No. 39; ECF No. 43 at 14-15. The parties filed a Joint Stipulation on October 19, 2016 and proffered a briefing

schedule with regard to the motion to amend.  ECF No. 40.  The Court adopted the parties' stipulation and issued an order setting the briefing schedule on October 20, 2016.  ECF No. 41 & 36.  Plaintiff filed a timely motion to amend and attached a proposed FAC, which would (1) add a defendant, Spoonful Management LLC, who was identified by Defendants as the sender of the text messages during discovery responses, (2) clarify when text messages were received as revealed by discovery in September 2016, and (3) otherwise align substantive allegations and the class definition with those recently revealed facts.  Id.  Defendants filed a timely opposition.  ECF No. 47.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint.  In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).  The rule is "to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion."  Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'"  Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.   DISCUSSION

Defendants argue Plaintiff's motion should be denied due to futility, undue delay, and prejudice to the Defendants.  ECF No. 47.

### A.   Futility

Defendants argue that amendment would be futile because Plaintiff consented to receive

the alleged text messages, Plaintiff is not a proper class representative, and Plaintiff failed to allege sufficient facts regarding the ATDS. ECF No. 47 at 8-18.

"Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" Allen v. Bayshore Mall, No. 12–cv–02368–JST, 6441504 WL 2013, at *5 (N.D. Cal. Dec. 9, 2013) (quoting Foman, 371 U.S. at 182). For this reason, denial of a motion for leave to amend on the ground of futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. Jan 15, 2003)).

The Court, however, has discretion to deny leave to amend when a plaintiff's amendment would be futile because he or she has no standing or fails to state facts upon which relief can be granted. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 539 (9th Cir. 1989) (Ninth Circuit affirmed the district court's denial of a third leave to amend, finding that the proposed amendment was virtually the same as the claim that had been previously dismissed); Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991) ("the plain language of the letter, which required Garcia Marquez's signature and failed to include essential terms, and the existence of the long-form agreement vitiate whatever else appellant could bring up in an amended complaint.").

### 1. Consent

Defendants, relying on extrinsic evidence produced during discovery,[1] allege that Plaintiff clearly and expressly consented to receive text messages when he purchased a ticket to an event at Create Nightclub and provided his phone number without stating an explicit limitation to the use of it. ECF. No. 47 at 4-5. Defendants' argument ignores the rule that a court can look only to the facts pled in a proposed amendment in deciding whether to grant leave to amend. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) ("the 'proper test to be applied when determining the legal sufficiency of a proposed amendment

---

[1] Defendants rely on several extrinsic documents, including a copy of an email sent to Plaintiff, confirming his ticket purchase. See ECF 47-1, Ex. A–J ¶¶ 2–11.

is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'"(internal citation omitted)).  Plaintiff's FAC alleges that he provided his phone number to a third-party broker and not to Defendants.  ECF No. 43-1 ¶ 13.  Since the Court only considers the facts pled in the proposed amendment, Plaintiff sufficiently alleges that he did not consent to receiving text messages from Defendants.[2]

### 2. Class

Defendants also argue amendment is futile because Plaintiff is not representative of the entire class.  ECF No. 47 at 15.  Defendants contend Plaintiff did not receive text messages from Defendants after October 16, 2013, the date when the definition of consent under the TCPA was reinterpreted to create a higher threshold for consent.  ECF No. 47 at 15; In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, 27 F.C.C.R. 1830 (2012).  Plaintiff argues that Defendants may not raise this issue until certification.  ECF No. 50 at 15.

This argument is premature.  The Court will not address whether Plaintiff adequately represents the putative class, and thus whether certification is proper, on a motion to amend.  See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("[O]ften the pleadings alone will not resolve the question of class certification and . . . some discovery will be warranted.").  If Defendants want to challenge certification, they can "file [their] motion to deny class certification before the close of discovery and before the pretrial motion deadline," not make their arguments in opposition to a motion to amend.  Id. at 944.  The Court will not deny amendment based on issues related to class certification.

### 3. ATDS

Plaintiff has also sufficiently alleged that Defendants employed the use of an ATDS.  Defendants argue that the FAC contains no evidence that the texts were sent using equipment within the scope of an ATDS.  ECF No. 47 at 17.  Defendants rely on Flores v. Adir Int'l, LLC, No. CV1500076ABPLAX, 2015 WL 4340020, at *3 (C.D. Cal. July 15, 2015).  In Flores, the

---

[2] Furthermore, even if the Court were to consider Defendant's extrinsic evidence on the merits, Plaintiff notes that Defendant has not provided the document through which Plaintiff provided his consent.  ECF No. 50 at 11.

4

plaintiff brought suit alleging that text messages related to debt collection violated the TCPA. Id. at *1. The defendants moved to dismiss the suit because the plaintiff failed to allege that the defendants were using an ATDS. Id. at *3. The Court agreed with the defendants on two grounds. Id. First, the plaintiff was vague in alleging the type of equipment used by the defendants. Id. Second, none of the text messages the plaintiff had received were generic and impersonal because they included a reference number to his claim. Id. Given that the alleged content of the messages in this case, ECF No. 43-1 ¶ 14, appears impersonal and does not contain any personally identifying information, the Court agrees with the Plaintiff that this case is distinguishable from Flores.

Defendants also rely on the fact that Plaintiff failed to describe the type of equipment used to send the text messages. ECF No. 47 at 17. In light of the factors considered under Flores, the generic nature of the text messages Plaintiff received are sufficient to state a claim pursuant to the TCPA. See ECF No. 43-1 ¶ 14; Flores, 2015 WL 4340020, at *5 ("[P]laintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized." (internal citation omitted)).

### B. Undue Delay

Plaintiff did not unduly delay in asking for a motion to amend the complaint because the FAC is based largely on information learned during discovery. Defendants argue that the Court should follow Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (internal citations omitted). There, the plaintiff failed to explain what facts learned during discovery motivated the amended complaint. Id. at 1388. The plaintiff also waited almost a year after the relevant discovery to file the amended complaint. Id.

The motion before the Court is distinguishable from Jackson. This is Plaintiff's first amendment. ECF No. 43. His primary motivation for asking for leave to amend is to align his claim with the correct applicable regulation. Id. at 22-23. Defendants' response to discovery revealed that the text messages at issue were sent sometime between September 20, 2013 and

1  October 15, 2013.  Id.  As of October 16, 2013, the rules as to what constitutes proper consent

2  under the TCPA changed.[3]  See ECF No. 1.  Plaintiff told Defendants of his intention to amend

3  the complaint after learning that the only documentary evidence indicated the text messages

4  Plaintiff received were sent in September 2013, before the new rule.  ECF No. 43 at 10, 23.  The

5  stipulated dates for briefing on the motion to amend the complaint were set promptly after the case

6  management conference.  See ECF No. 46.  Waiting a few weeks to inform Defendants and the

7  Court of his intention to file a motion to amend his complaint does not constitute an undue delay.

8  Nor is the Court persuaded that Plaintiff could have performed better due diligence to learn

9  when the text messages were sent.  ECF No. 47 at 18-19.  The FAC amends the complaint based

10  on information learned during discovery that the Plaintiff cannot be expected to have learned

11  independently.

### C. Prejudice

13  "[T]he consideration of prejudice to the opposing party [ ] carries the greatest weight" in

14  the Court's analysis.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.

15  2003).  Defendants argue that Plaintiff's motion should be denied because of the significant

16  potential for prejudice resulting from the delayed amendment.  ECF No. 47 at 20.  The essence of

17  Defendants' argument is that the suit was filed three years after the alleged texts were sent, which

18  makes finding evidence of the initial transaction difficult.  Id.  This difficulty, Defendants argue, is

19  prejudicial.  Id.  Unless Plaintiff's complaint was filed after the statute of limitations for the TCPA

20  claim had elapsed, however, this is not a significant factor.  See, Lofton v. Verizon Wireless

21  (VAW) LLC, 308 F.R.D. 276, 281 (N.D. Cal. June 18, 2015) ("The TCPA has a four-year statute

22  of limitations.").  Since Plaintiff brought suit within the statute of limitations, the Court rejects the

23  Defendants' argument that Plaintiff's delay in bringing suit has caused them such prejudice as to

24  deny leave to amend.

25  Some initial discovery has been performed, but continuing litigation is not alone sufficient

---

[3] Prior to October 16, 2013, "[t]he Federal Communications Commission ("FCC") [ ] determined that 'persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.'" Baird v. Sabre, Inc., 636 F. App'x 715, 716 (9th Cir. 2016).

to prejudice the Defendants.  See Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 531 (N.D. Cal. Mar. 29, 1989).  Contrary to Defendants' argument that "[i]n all events, requiring defendants to continue wasting time and money defending plaintiff's inevitably doomed claims is clear prejudice," ECF No. 47 at 20, the Court has concluded that Plaintiff has stated a claim. Therefore, the Defendants have not shown they will be substantially prejudiced by continued litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the Complaint is granted.

IT IS SO ORDERED.

Dated:  February 15, 2017

_____
JON S. TIGAR
United States District Judge