**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

**JAURIGUE LAW GROUP**
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff Deric Walintukan*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIC WALINTUKAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SBE ENTERTAINMENT GROUP, LLC, a California limited liability company; 6021 HOLLYWOOD INVESTOR, LLC, a California limited liability company; 6021 HOLLYWOOD OPERATING COMPANY, LLC, a California limited liability company; and SPOONFUL MANAGEMENT LLC, a California limited liability company,<br><br>Defendants. | Case No. 3:16-CV-01311-JST<br><br>**FIRST AMENDED CLASS-ACTION COMPLAINT**<br><br>1. Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Deric Walintukan ("Plaintiff") brings this class action on behalf of himself, individually, and all others similarly situated against Defendants SBE Entertainment Group, LLC ("SBE"); 6021 Hollywood Investor, LLC ("6021 HI"); 6021 Hollywood Operating Company, LLC ("6021 HOC"); and Spoonful Management LLC ("Spoonful") (collectively, "Defendants") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. As alleged below, Defendants have violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on their cellular telephones. Specifically, Defendants have violated the TCPA by sending consumers unsolicited text messages without prior express consent, invading their right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendants' violations.

## JURISDICTIONAL STATEMENT

4. *Jurisdiction*. Plaintiff filed this action in the Superior Court of the State of California for the County of San Mateo on February 16, 2016. Thereafter, on approximately March 16, 2016, Defendants removed the action to the above-captioned Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the ground that, *inter alia*, the action arises under a law of the United States. Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction of Plaintiff's claim for relief. This Court has personal jurisdiction over Defendants because, as alleged below, Defendants reside in California and have had systematic and continuous contacts within California. *Intradistrict Assignment*. Following removal, on March 22, 2016, this action was reassigned to the within Court for all further proceedings.

## PARTIES

5. Plaintiff is a resident of the County of San Mateo, State of California. He is, and was at all times relevant to this action, a "person" as defined under 47 U.S.C. § 153.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant SBE is a California limited liability company with its principal place of business located at 5900 Wilshire

Boulevard, Suite 3100, Los Angeles, California 90036. SBE is, and was at all times relevant to this action, a "person" as defined under 47 U.S.C. § 153.

7. Plaintiff is informed and believes, and based thereon alleges, that 6021 HI is a California limited liability company with its principal place of business located at 6021 Hollywood Boulevard, Los Angeles, California 90028. 6021 HI is, and was at all times relevant to this action, a "person" as defined under 47 U.S.C. § 153.

8. Plaintiff is informed and believes, and based thereon alleges, that 6021 HOC is a California limited liability company with its principal place of business located at 6021 Hollywood Boulevard, Los Angeles, California 90028. 6021 HOC is, and was at all times relevant to this action, a "person" as defined under 47 U.S.C. § 153.

9. Plaintiff is informed and believes, and based thereon alleges, that Spoonful is a California limited liability company with its principal place of business at 5900 Wilshire Boulevard, Suite 3100, Los Angeles, California 90036. Spoonful is, and was at all times relevant to this action, a "person" as defined under 47 U.S.C. § 153.

10. Plaintiff is informed and believes, and based thereon alleges, that SBE, 6021 HI, 6021 HOC, and Spoonful jointly operate, manage, and own the Create Nightclub, located at 6021 Hollywood Boulevard, Los Angeles, California 90028.

## *GENERAL ALLEGATIONS*

11. Defendant SBE "is a leading hospitality company that develops, manages and operates award-winning hotels, restaurants and night clubs." *See* http://www.sbe.com/aboutsbe/ (last visited September 29, 2016). SBE hotels, restaurants, and night clubs shall hereinafter be referred to as "SBE Venues." The Create Nightclub is one such SBE Venue.

12. On information and belief, SBE owns and/or controls the SBE Venues and takes an active role in their management. On information and belief, in this connection, SBE takes an active role in the marketing of the SBE Venues, working with subsidiary companies such as Defendants 6021 HI, 6021 HOC, and Spoonful; promoters; and others to develop and execute, among other things, text-message campaigns to promote events at the SBE Venues. However, during the Class Period, Defendants failed to obtain prior express consent for the sending of such text messages, as required

under the TCPA.

13. On or about June 3, 2013, Plaintiff purchased tickets online to attend an event at the Create Nightclub on June 8, 2013. On information and belief, and based on Defendants' Initial Disclosures and discovery to date, this purchase was made on a platform hosted by a third-party ticket vendor. Thereafter, Plaintiff received periodic text messages from Defendants—unrelated to Plaintiff's June 3, 2013, ticket purchase—encouraging him to attend events at the Create Nightclub.

14. A search of Defendants' text-message database indicates that Plaintiff received the following text messages from Defendants encouraging him to attend events at the Create nightclub:

> 9/1/2013: GIFT FROM CREATE: MFSS TIX Enjoy LDW SUN.1st 25ppl get 4 tix ENTER CODE: SMSMS CLICK HERE: http://swurl.it/1L4B8 Reply STOP to cancel msg&data rates may apply

> 9/6/2013: OFFER: @createnightclub 2nite DADDY'S GROOVE. 1st 25ppl get 2 Tix. ENTER CODE: DGSMS CLICK: http://swurl.it/6E3J1 Reply STOP to cancel msg&data rates may apply

15. On information and belief, Plaintiff alleges that these text messages were initiated by Defendants acting in concert. More specifically, Plaintiff is informed and believes, and based thereon alleges, that each Defendant was involved in composing the messages and in selecting the message recipients. Alternatively, the text messages in question were sent by at least one of the Defendants acting at the direction of the other Defendants to send the messages or generally conduct promotional activities, and/or with their full knowledge and consent, as part of a common scheme that inured to the benefit of all Defendants. Because the text messages promote events at the Create Nightclub, all Defendants stood to benefit from any increased patronage caused by the text messages.

16. At no time had Plaintiff provided express consent to receive the text messages reproduced in paragraph 14.

17. At all times relevant to this action, Plaintiff's cellular telephone number was linked to a subscription plan under which he was charged each month for cellular telephone and data services.

18. Plaintiff is informed and believes, and based thereon alleges, that his cellular telephone number, along with numerous other telephone numbers, was entered into a database and that the above-alleged text messages were sent using equipment capable of accessing that database to mass-dial numbers.

19.     The text messages Plaintiff received were sent without an emergency purpose; instead, they were sent for the purpose of promoting attendance and selling tickets to events held at the Create Nightclub.

20.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, working together pursuant to the arrangement alleged in paragraphs 12 and 15, *supra*, sent the text messages received by Plaintiff, as well as thousands of similar text messages, *en masse* to the cellular telephones of members of the general public. Plaintiff is further informed and believes, and based thereon alleges, that all of these text messages were sent using the equipment referenced in paragraph 18, *supra*. In addition, Plaintiff is informed and believes, and based thereon alleges, that all of these text messages were sent even though Defendants had never obtained prior express consent to send them.

*CLASS-ACTION ALLEGATIONS*

21.     Plaintiff seeks to represent the following Classes under rule 23 of the Federal Rules of Civil Procedure:

> **SBE Class**: All persons throughout the United States who purchased a ticket online to an event at an SBE Venue, and subsequently received one or more text messages on their cellular telephones concerning an event at an SBE Venue.
>
> **Create Nightclub Sub-Class**: All persons throughout the United States who purchased a ticket online to an event at the Create Nightclub, and subsequently received one or more text messages on their cellular telephones concerning an event at the Create Nightclub.

22.     Plaintiff reserves the right to amend or modify the proposed Classes, or to propose additional subclasses or limitations to particular issues, in response to facts later ascertained.

23.     *Numerosity*. The identities of Class Members may be ascertained from Defendants' own business and marketing records, as well as the records of Defendants' telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that thousands of text messages were sent to well-over the forty individuals required for numerosity purposes. Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

24.     *Commonality*. There are questions of law and fact that are common to the Classes that predominate over any questions affecting only individual Class Members. These common questions

include, without limitation:

    a) Whether the equipment used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

    b) Whether prior express consent was required under the TCPA and its regulations before sending any of the text messages;

    c) Whether Defendants failed to obtain prior express consent within the meaning of the TCPA and its regulations before sending the text messages;

    d) Whether Defendants' outright failure to secure any prior express consent constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

25. *Typicality*. Plaintiff's claims are typical of those of Class Members because he received text messages promoting an SBE Venue (namely, Create Nightclub) subsequent to an online ticket purchase (for an event at Create Nightclub); he never provided prior express consent to receive the text messages; and the text messages were sent to his cellular telephone using the same equipment used to send text messages to all Class Members.

26. *Adequacy*. Plaintiff will fairly and adequately represent and protect the interests of the Classes. He is not aware of any conflicts that he has with Class Members, and he plans on pursuing the litigation vigorously. He also has the same interests as those of the Classes, and he has retained counsel who are competent and experienced in class-action litigation. In addition, he has been actively involved in the litigation, he will continue to participate and be available for the duration of the litigation, and he understands the duties that he holds to the Classes.

27. *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff was himself subject. A class action therefore would conserve the resources of the parties and

6
FIRST AMENDED CLASS-ACTION COMPLAINT

the Court while protecting the rights of Class Members. Defendants' conduct as described above is unlawful and capable of repetition, and it may continue unless restrained and enjoined by the Court. Moreover, it is a matter of public interest to obtain definitive answers to the legality of Defendants' actions in a single case.

## FIRST CAUSE OF ACTION

*Violation of the TCPA*

*47 U.S.C. § 227*

28. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth above.

29. The United States Congress enacted the TCPA in order to protect and balance individual privacy rights against legitimate telemarketing practices. In enacting this statute, Congress found:

> (1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> . . . .
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

30. The TCPA specifically prohibits automated calls or messages to consumers' cellular telephone numbers without the express consent or permission of the consumers:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1).

31. As discussed more fully above, Defendants sent text messages to the cellular telephones

of Plaintiff and Class Members without obtaining prior express consent.

32. The foregoing acts and omissions of Defendants constitute a violation of the TCPA. Defendants were and are aware of the TCPA and its requirements and, on information and belief, intentionally violated the law in an effort to maximize the reach of their marketing campaigns. Defendants' violations therefore were willful.

33. The TCPA establishes a private right of action for sending unauthorized messages to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

34. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received. Moreover, because Defendants willfully and knowingly violated the TCPA as alleged above, Plaintiff and Class Members are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and Class Members are entitled to injunctive relief.

/ / / / /

***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Classes under section rule 23 of the Federal Rules of Civil Procedure;

2. A judgment in favor of Plaintiff and the Classes for statutory treble damages against Defendants jointly and severally, as well as for injunctive relief;

3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4. An award of attorneys' fees and costs of suit, to the extent allowable by law; and,

5. Such further relief as the Court deems fit and proper.

Dated: November 9, 2016

GLANCY PRONGAY & MURRAY LLP

By: /s/ *David Zelenski*
Lionel Z. Glancy
Marc L. Godino
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067

JAURIGUE LAW GROUP
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
114 North Brand Boulevard, Suite 200
Glendale, California 91203

*Attorneys for Plaintiff*

***DEMAND FOR JURY TRIAL***

Plaintiff requests a trial by jury as to all causes of action.

Dated: November 9, 2016    GLANCY PRONGAY & MURRAY LLP


By:    /s/ *David Zelenski*
Lionel Z. Glancy
Marc L. Godino
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067

JAURIGUE LAW GROUP
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
114 North Brand Boulevard, Suite 200
Glendale, California 91203

*Attorneys for Plaintiff*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On February 16, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 16, 2017, at Los Angeles, California.

*s/ Mark S. Greenstone*
Mark S. Greenstone

# Mailing Information for a Case 3:16-cv-01311-JST Walintukan v. SBE Entertainment Group, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Witt W Chang**
  wwchang@venable.com,rrubio@venable.com

- **Kimberly Irene Culp**
  kculp@venable.com,schintanaseri@venable.com,lalitigationdocketing@venable.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Mark Samuel Greenstone**
  mgreenstone@glancylaw.com,info@glancylaw.com

- **Michael Joe Jaurigue**
  michael@jauriguelaw.com

- **Ari N. Rothman**
  anrothman@venable.com,schintanaseri@venable.com,wwchang@venable.com,KCulp@Venable.com,shanle@venable.com,rrubio@venable.com

- **Ryan A Stubbe**
  ryan@jlglawyers.com

- **Abigail Ameri Zelenski**
  Abigail@jlglawyers.com

- **David Zelenski**
  david@jlglawyers.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Marc                L. Godino
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, Ca 90067
```