VENABLE LLP
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Witt W. Chang (SBN 281721)
  wwchang@venable.com
Sean P. Hanle (SBN 298928)
  sphanle@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:     (310) 229-9900
Facsimile:      (310) 229-9901

Attorneys for Defendant
SBE ENTERTAINMENT GROUP, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERIC WALINTUKAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SBE ENTERTAINMENT GROUP, LLC, a California limited liability company; 6021 HOLLYWOOD INVESTOR, LLC, a California limited liability company; 6021 HOLLYWOOD OPERATING COMPANY, LLC, a California limited liability company; and SPOONFUL MANAGEMENT LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 3:16-cv-01311-JST<br><br>Hon. Jon S. Tigar<br>Courtroom 9<br><br>**DEFENDANT SBE ENTERTAINMENT GROUP, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:     February 16, 2016<br>Removal:          March 16, 2016<br>FAC Filed:        February 16, 2017<br>Trial Date:        None set |

Defendant SBE Entertainment Group, LLC submits the following answer and affirmative defenses to plaintiff's first amended complaint, and denies all allegations unless expressly admitted herein.

## *INTRODUCTION*

1. Denies, except that SBE admits only that plaintiff brings this proposed class action based on the unverified allegations in the complaint.

2. Denies.

3. Denies.

## *JURISDICTION AND VENUE*

4. Admits.

## *PARTIES*

5. SBE lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Denies.

## *GENERAL ALLEGATIONS*

11. Denies, except that SBE admits only that it is a leading hospitality company that develops, manages and operates award-winning hotels, restaurants and nightclubs, including Create Nightclub.

12. Denies.

13. Denies, except that SBE admits only that someone with the same name as plaintiff purchased tickets online for an event at Create Nightclub in June 2013 through the Create Nightclub website, and that subsequently, text messages were sent a phone number claimed to be plaintiff's phone number.

14. Denies, except that SBE admits only that records produced in discovery reflect that

1  the following text messages were sent to a phone number claimed to be plaintiff's phone number
2  on about September 1, 2013, and September 6, 2013: (1) "GIFT FROM CREATE:MFSS TIX
3  Enjoy LDW SUN.1st 25ppl get 4 tix ENTER CODE: SMSMS CLICK HERE:
4  http://swurl.it/1L4B8 Reply STOP to cancel msg&data rates may apply;" and (2)
5  "OFFER:@createnightclub 2nite DADDY'S GROOVE. 1st 25ppl get 2 Tix. ENTER CODE:
6  DGSMS CLICK: http://swurl.it/6E3J1 Reply STOP to cancel msg&data rates may apply."

    15. Denies.

    16. Denies.

    17. SBE lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

    18. Denies.

    19. SBE admits only that the text messages referenced in SBE's response to paragraph 14 above were sent without an emergency purpose and were related to Create Nightclub. SBE lacks knowledge or information sufficient to form a belief about any other text messages and therefore denies allegations related to those text messages.

    20. Denies.

### *CLASS-ACTION ALLEGATIONS*

    21. Denies, except that SBE admits only that plaintiff seeks to represent the classes defined in this paragraph. SBE denies that the proposed classes can or should be certified under Federal Rule of Civil Procedure 23.

    22. Denies, except that SBE admits only that plaintiff seeks to reserve his purported rights to amend or modify his proposed class and his purported rights to propose subclasses or limitations to particular issues. SBE reserves its rights to oppose plaintiff's attempts to amend or modify the proposed class, or to propose subclasses or limitations.

    23. Denies.

    24. Denies.

    25. Denies.

    26. Denies.

1  27. Denies.

## FIRST CAUSE OF ACTION

*Violation of the TCPA*

*47 U.S.C. § 227*

28. SBE incorporates by reference its responses to paragraphs 1-27 of the complaint.

29. Admits.

30. Denies, except that SBE admits only that the TCPA prohibits sending of text messages under the circumstances set forth in the TCPA and the TCPA's implementing regulations.

31. Denies.

32. Denies.

33. Denies, except that SBE admits only that the TCPA provides a private right of action under the circumstances set forth in the TCPA.

34. Denies.

## PRAYER FOR RELIEF

SBE denies that plaintiff or any putative class members are entitled to any of the relief requested in the first amended complaint.

## **AFFIRMATIVE DEFENSES**

SBE's affirmative defenses set forth herein are based solely on plaintiff's allegations in his complaint which does not describe the events and claims therein with sufficient particularity to enable SBE to determine all of the defenses which may exist to such claims. Without these details, SBE cannot respond further to plaintiff's amended complaint. Therefore, SBE reserves the right to assert and rely upon additional defense that become available or apparent during the pendency of this action, and to modify the affirmative defenses set forth herein as additional information is obtained by SBE.

SBE asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to plaintiff's alleged claims. Insofar as any of the following expresses denial of an element of any claim alleged against SBE, that denial does not indicate that plaintiff is

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

relieved of his burden to prove each and every element of any such claims or that SBE assumed any burden of proof. SBE hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, SBE has not completed discovery. SBE also raises the affirmative defenses below to avoid waiting them.

1. Some or all of the putative class members, including plaintiff, consented to receive the text messages over which they sue in this case. Depending on how the Court and plaintiff ultimately defines any proposed or certified class, some or all of the putative class members, including plaintiff, knowingly and voluntarily provided their mobile phone numbers to one or more of the defendants, or to other parties responsible for sending text messages involving Create Nightclub, and knowing and voluntarily consented to receive text messages on the phones corresponding to the mobile phone numbers they provided. The detailed factual basis setting forth how the plaintiff consented to receive the text messages over which he sues is set forth in the interrogatory responses and documents cited therein provided to plaintiff prior to the filing of this answer, and those interrogatory responses and documents are incorporated herein by reference.

2. Plaintiff lacks standing to assert and maintain some or all of his claims against SBE, and to represent any putative class with regard to those claims, to the extent that plaintiff consented to receive the text messages over which he sues. Putative class members also lack standing to sue to the degree they consented to receive text messages from one or more of the defendants, or involving Create Nightclub. The detailed factual basis setting forth how the plaintiff consented to receive the text messages over which he sues is set forth in the interrogatory responses and documents cited therein provided to plaintiff prior to the filing of this answer, and those interrogatory responses and documents are incorporated herein by reference.

3. The claims alleged by plaintiff and on behalf of the putative class are barred because the alleged damages, if any, were caused by acts, wrongs, or omissions by third parties over whom SBE had no control and for which SBE is not responsible. For instance, it is possible that a third

1  party, such as a club promoter, sent text messages without SBE's authorization, knowledge or
2  control.
3       **WHEREFORE**, SBE prays as follows:
4    A.   That judgment be rendered in favor of SBE with respect to all counts and causes of
5         action set forth in plaintiff's amended complaint;
6    B.   That plaintiff's amended complaint be dismissed in its entirety with prejudice;
7    C.   That plaintiff take nothing by reason of his amended complaint;
8    D.   That SBE be awarded its costs of suit incurred in defense of this action; and
9    E.   For such other relief in favor of SBE as the Court deems just and proper.

DATED: March 10, 2017                    VENABLE LLP

                                         By: /s/ Ari N. Rothman
                                             Ari N. Rothman
                                             Witt W. Chang
                                             Sean P. Hanle
                                         Attorneys for Defendant
                                         SBE ENTERTAINMENT GROUP, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

5
DEFENDANT SBE ENTERTAINMENT GROUP, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
14998855-v1